UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. HARRIS,

            Petitioner,

                                Case No. 95-CV-75552
                                HON. GEORGE CARAM STEEH
vs.

DENNIS STRAUB,

            Respondent.
_____/

ORDER DENYING PETITIONER'S RULE 60(b) MOTION
FOR RELIEF FROM JUDGMENT [DOC. # 62] AND DENYING
PETITIONER'S MOTION FOR APPOINTED COUNSEL AND
EVIDENTIARY HEARING IN SUPPORT OF RULE 60(b) MOTION [DOC. # 61]

    Petitioner, Michael D. Harris, filed four petitions for writ of habeas corpus. The first two petitions were dismissed for failure to exhaust state-court remedies, in 1986 and 1988. In 1990, the third habeas petition asserted: (1) unreliable eyewitness identifications and (2) judicial bias. The district court denied the petition on the merits and the Sixth Circuit affirmed. *Harris v. Borgert*, No. 91-2216, 1993 WL 16706 (6th Cir. Jan. 27, 1993). Harris' fourth habeas petition, filed in 1995, asserted: (1) suppression of evidence, (2) ineffective assistance of trial and appellate counsel, (3) denial of counsel, and (4) judicial bias. This court denied the petition as an "abuse of the writ."

    In 2010 and 2011, Harris moved the Sixth Circuit for an order authorizing this court to consider a successive habeas petition. The Sixth Circuit denied both motions. Recently,

Harris filed another § 2244 motion before the Sixth Circuit for an order authorizing the district court to consider a successive habeas petition. Harris sought to raise the following claims: (1) double jeopardy due to his convictions for first-degree criminal sexual conduct and assault with intent to do great bodily harm, (2) denial of counsel at his arraignment (3) denial of counsel at pretrial stages, (4) sentencing while an order of incompetency was pending, and (5) denial of counsel on appeal of right. The Sixth Circuit denied the motion on March 31, 2014 because Harris failed to explain why he did not raise his claims earlier when state-court remedies were still available, nor did Harris show actual prejudice. Furthermore, Harris did not rely on a new rule of constitutional law or new facts in support of his claim.

On April 11, 2014 Harris filed this motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. On the same date, petitioner filed a motion for appointment of counsel and evidentiary hearing in support of Rule 60(b) motion. In his Rule 60(b) motion Harris raises the following claims: (1) suppression of evidence, (2) denial of counsel at his arraignment, and (3) sentencing while an order of incompetency was pending.

A Rule 60(b) motion does not serve as a substitute for an appeal or bring for review a second time the merits of the district court's decision dismissing a habeas petition. *Rodger v. White*, 1993 U.S. App. LEXIS 15347, *3 (6th Cir. June 15, 1993) (citing *Browder v. Director, Dep't of Corrs.*, 434 U.S. 257, 263 (1978); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F. 2d 291, 294 (6th Cir. 1989)). Rather, Rule 60(b) is properly invoked in habeas cases "where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial

justice will thus be served." *Cornell v. Nix,* 119 F. 3d 1329, 1332 (8th Cir. 1997). Rule 60(b) states in part:

> **(b) Grounds for Relief from Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>  (1) mistake, inadvertence, surprise, or excusable neglect;
>  (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>  (4) the judgment is void;
>  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The party that seeks to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. *Jinks v. AlliedSignal, Inc.*, 250 F. 3d 381, 385 (6th Cir. 2001). A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *Miles v. Straub*, 90 Fed. App'x 456, 458 (6th Cir. 2004). A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he or she simply rephrases prior allegations that were previously alleged. *Johnson v. Unknown Dellatifa*, 357 F. 3d 539, 543 (6th Cir. 2004). Petitioner presents the same arguments he previously raised in his several petitions for habeas corpus, as well as his motions seeking authorization to file a successive habeas petition. These arguments have specifically been reviewed and rejected by this court and/or the Sixth Circuit. Petitioner is not entitled to relief from judgment. *Brumley v. Wingard*, 269 F. 3d 629, 647 (6th Cir. 2001). As such, petitioner's

request for counsel and an evidentiary hearing in support of such motion is unnecessary and is denied.

Accordingly,

Petitioner's Rule 60(b) motion for relief from judgment is DENIED.

Petitioner's motion for appointment of counsel and evidentiary hearing in support of Rule 60(b) motion is DENIED.

SO ORDERED.

Dated: July 10, 2014

>S/George Caram Steeh
>GEORGE CARAM STEEH
>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and Michael Harris 172430, 2400 S. Sheridan Road, Muskegon, MI 49442 on
July 10, 2014, by electronic and/or ordinary mail.

S/Marcia Beauchemin
Deputy Clerk

---